**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JOSE O. TOSTADO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-09-CV-549-XR |
| | § | |
| CITIBANK (SOUTH DAKOTA), N.A., | § | |
| | § | |
| *Defendant.* | § | |

## NOTICE & ORDER

On August 27, 2009, Defendant Citibank (South Dakota), N.A. filed a Motion to Dismiss

Plaintiff Jose O. Tostado's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff is given notice that the Court will consider the motion as one for summary judgment.

Pursuant to Rule 56(c), Plaintiff has fourteen (14) days from the date of entry of this order to present

evidence that creates a genuine issue of material fact.  FED. R. CIV. P. 56(c); *see also Terrebonne*

*Parish School Board v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 n.8 (5th Cir. 2002);

*Love v. Nat'l Med. Enterps.*, 230 F.3d 765, 770 (5th Cir. 2000).

Defendant attached a contract in support of its motion.  Pursuant to Rule 12(d):

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to
> and not excluded by the court, the motion must be treated as one for summary judgment
> under Rule 56. All parties must be given a reasonable opportunity to present all the material
> that is pertinent to the motion.

FED. R. CIV. P. 12(d).   "Generally, in deciding a motion to dismiss for failure to state a claim, if

matters outside the pleading are presented to and not excluded by the court, the motion shall be

treated as one for summary judgment."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th

Cir. 2007) (internal quotation marks omitted); *Agarwal v. Napolitano*, No. EP-07-CV-373-KC, 2009 WL 3273952, at *2 (W.D. Tex. Oct. 9, 2009).

Citibank argues that the Court may consider documents attached to a motion to dismiss "that are 'referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" (Def.'s Mot. to Dismiss 4–5 (Aug. 27, 2009) [Docket Entry No. 15]) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Defendant overstates the latitude provided to district court's to consider attachments outside the pleadings without converting a motion to dismiss into a motion for summary judgment. The Fifth Circuit Court of Appeals noted that the consideration of "documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim" is a "limited exception." *Scanlan*, 343 F.3d. at 536. Even though Plaintiff listed two web addresses in his complaint, he did not attach the information from those web sites upon which he bases his claim. Unlike cases in which the district court relied on a specific document referenced by the plaintiff in their complaint, Plaintiff does not cite the specific document attached to Defendant's motion to dismiss when referring to those web addresses. *See id.* (complaint quoted and contained references to specific Final Report, but district court's consideration of the Report was outside the pleadings); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (allowing consideration of documents attached to motion to dismiss that were referred to in complaint). Here, the attached document falls outside the limited exception since Plaintiff's allegations reference the website and not the Prospectus Supplement attached to Defendant's motion to dismiss.

In accordance with Rule 12(d), the Court's consideration of this contract will result in conversion of Defendant's motion to dismiss under Rule 12(b)(6) into a motion for summary judgment under Rule 56(c). If Plaintiff chooses to respond to present evidence that creates a material

issue of fact, Plaintiff shall respond no later than Thursday, December 17, 2009.

It is so ORDERED.

SIGNED this 3rd day of December, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE