# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE O. TOSTADO, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-09-CV-549-XR |
| | § | |
| CITIBANK (SOUTH DAKOTA), N.A., | § | |
| *Defendant*. | § | |

## ORDER ON MOTION TO STAY DISCOVERY

On this date, the Court considered Defendant's Motion to Stay Discovery & Memorandum in Support (Docket Entry No. 23). Plaintiff has failed to respond, and the deadline to do so has passed. *See* L.R. CV-7(d) (W.D. Tex.) (regarding deadline to respond to motion); FED. R. CIV. P. 6 (regarding calculation of deadlines). "If there is no response filed within the time period prescribed by this rule, the Court may grant the motion as unopposed." L.R. CV-7(d).

Defendant Citibank (South Dakota) N.A. ("Citibank") filed a motion to dismiss on August 27, 2009. (Mot. to Dismiss (Aug. 27, 2009) [Docket Entry No. 15].) Citibank filed its motion to stay discovery on November 24, 2009, arguing that the Court's ruling on the pending motion to dismiss could dispose of the case or at least considerably narrow the scope of any future discovery. (Mot. to Stay Discovery & Mem. in Support (Nov. 24, 2009) [Docket Entry No. 23].) On December 3, 2009, this Court issued an order notifying Plaintiff Jose O. Tostado that its consideration of material attached to Citibank's motion to dismiss under Rule 12(b)(6) would convert the motion into a motion for summary judgment under Rule 56(c) in accordance with Rule 12(d). (Notice & Order (Dec. 3, 2009) [Docket Entry No. 24].) Plaintiff was directed to respond no later than Thursday, December 17, 2009, to present evidence that creates a material issue of fact. (*Id.*)

"District courts have broad discretion in all discovery matters." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) (internal quotation marks omitted). That discretion, however, is not unlimited. *Munoz v. Orr*, 200 F.3d 291, 305 (5th Cir. 2000). A district court has discretion to stay discovery "for good cause shown." FED. R. CIV. P. 26(c); *U.S. ex rel. Gonzalez. v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 767 (W.D. Tex. 2008). "Good cause may exist when the party from whom discovery is sought shows that it would suffer 'annoyance, embarrassment, oppression or undue burden or expense' absent a stay." *Gonzalez*, 571 F. Supp. 2d at 767 (quoting FED. R. CIV. P. 26(c)). Notably, discovery may be limited when disposition of a motion might preclude the need for discovery thus saving time and expense. *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) (upholding district court's stay of discovery pending disposition of motion for summary judgment).

Citibank states that a stay of discovery will save the parties and the Court the "unnecessary cost and inconvenience associated with discovery on claims ultimately dismissed." (Mot. at 5.) Citibank further contends that Plaintiff will not suffer any prejudice form the temporary stay since the pending motion can be decided on the available information and that the motion is ripe for decision; thereby, preventing any delay in the litigation. (*Id.* at 6.) Of particular importance to the Court in its consideration of this matter is that Plaintiff has not opposed this motion. As previously stated, "[i]f there is no response filed within the time period prescribed by this rule, the Court may grant the motion as unopposed." L.R. CV-7(d).

**Conclusion**

The Court hereby GRANTS Defendant's motion to stay discovery pending disposition of Defendant's motion to dismiss.

It is so ORDERED.

SIGNED this 11th day of December, 2009.

						_____
						XAVIER RODRIGUEZ
						UNITED STATES DISTRICT JUDGE