IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSE O. TOSTADO,<br><br>    *Plaintiff*,<br><br>v.<br><br>CITIBANK (SOUTH DAKOTA), N.A.,<br><br>    *Defendant*. | §<br>§<br>§<br>§<br>§  Civil Action No.  SA-09-CV-549-XR<br>§<br>§<br>§<br>§ |

**ORDER ON MOTION TO DISMISS**

On this date, the Court considered Defendant's motion to dismiss (Docket Entry No. 15). The Court converted the motion to dismiss into a motion for summary judgment. After considering the motion, Plaintiff's responses, Defendant's reply, the pleadings on file, and the applicable legal authority, the Court GRANTS Defendant's motion.

**Background**

Plaintiff Jose O. Tostado filed suit against Defendant Citibank (South Dakota) N.A. in the 25th Judicial District Court of Guadalupe County, Texas, seeking a declaratory judgment that an arbitration clause was not an enforceable contract. (Pl.'s Original Pet. (Feb. 4, 2009).) Tostado then filed an amended petition as a class action lawsuit, seeking a declaratory judgment that the arbitration clause was unenforceable and a declaratory judgment that Defendant did not own or have the right to collect on a receivable account. (Pl.'s 1st Am. Pet. (June 10, 2009).) Defendant removed the case to this Court within thirty days of receiving the petition, (Notice of Removal (July 7, 2009) [Docket Entry No. 1]) and Plaintiff then filed an amended complaint (Pl.'s Am. Class Action Compl. (Aug. 13, 2009) [Docket Entry No. 12] ("Compl.")).

In his amended complaint, Tostado, on behalf of those similarly situated, contends that

Citibank sells and conveys "all its right, title, and interest in certain of its credit card receivables to an entity known as the Citibank Credit Cards Master Trust I." (Compl. ¶ 8.) He claims that "[t]he master trust retains the right and ability, to the exclusion of others, to recovery payment of the receivables and other amounts that may be due on the accounts from cardholder." (*Id.* ¶ 9.) In this case, Tostado seeks to prevent Citibank "from collecting for itself instead of for the master trust on any credit card account for which receivables have been sold and assigned to the master trust." (*Id.* ¶ 11.)

Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that Defendant violated Texas Finance Code § 392.304(a)(19) and that Citibank does not own nor have the right to sue for debts owned by the master trust. Tostado also brings a claim for violations of the Fair Debt Collection Practices Act, 28 U.S.C. § 1692 *et seq*.

**Procedural History**

Defendant Citibank filed a motion to dismiss pursuant to Rule 12(b)(6) that included exhibits beyond the pleadings. (Mot. to Dismiss (Aug. 27, 2009) [Docket Entry No. 15] ("Mot.").) Plaintiff Tostado provided a brief response to the motion, restating his claims and declaring that he asserted factual allegations in support of the counts. (Resp. to Mot. to Dismiss (Sept. 8, 2009) [Docket Entry No. 17].) Intending to consider the exhibits attached to Citibank's motion, the Court issued a notice to the parties that it would convert Citibank's motion to dismiss into a motion for summary judgment in accordance with Rule 12(d). (Notice & Order (Dec. 3, 2009) [Docket Entry No. 24].) Tostado provided a response on December 16, 2009. (Resp. to Def.'s Mot. for Summ. J. (Dec. 16, 2009) [Docket Entry No. 28]. ("Resp.").) Citibank replied that it does not sell its credit card accounts as part of the securitization process even if its receivables are sold to the Master Trust. (Reply in

2

Support of Mot. to Dismiss/Mot. for Summ. J. (Dec. 21, 2009) [Docket Entry No. 29] ("Reply").)

**Legal Standard**

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. FED. R. CIV. P. 12(b)(6). Courts may look only to the pleadings in determining whether a party has adequately stated a claim; consideration of information outside the pleadings converts the motion to one for summary judgment. FED. R. CIV. P. 12(d).

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden is on the moving party to show that "there is an absence of evidence to support the nonmoving party's case." *Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Once the moving party meets its initial burden, the nonmoving party "must . . . set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e); *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

**Analysis**

Plaintiff Tostado seeks a declaration under 28 U.S.C. § 2201 that Citibank violated Texas Finance Code § 392.304(a)(19). (Compl. ¶ 22.) The Texas Finance Code reads:

Except as otherwise provided by this section, in debt collection or obtaining information

3

> concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: . . . using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

TEX. FIN. CODE § 392.304(a)(19).  He further seeks a declaration under 28 U.S.C. § 2201 that Citibank "does not own nor have the right to sue for debts owned by the master trust . . . ." (Compl. ¶ 25.)

The owner of a credit card account holds a right to collect on that account.  *Cf. Becker v. Genesis Fin. Servs.*, No. CV-06-5037-EFS, 2007 WL 4190473, at *12 (E.D. Wash. Nov. 21, 2007) (finding that credit card company was both credit card issuer and entity involved in the transaction meaning that the credit card company had a right to collect); *Beaumont v. Citibank (S.D.) N.A.*, No. 01 CIV. 3393(DLC), 2002 WL 87682, at *2 (S.D.N.Y. Jan 22, 2002) (referencing credit card issuers' right to collect).  Citibank argues that the issuer and/or owner of a credit card account or loan is the real party in interest. (Mot. ¶ 12.)  "The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery."  *In re Miller*, 307 Fed. App'x 785, 788 (5th Cir. 2008) (quoting *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001)).  As the real party in interest, Citibank would hold the right to enforce its interests on those accounts and loans.

Citibank has provided summary judgment evidence that it retains ownership of credit card accounts in which the receivables are sold to the master trust.  In support of its motion, Citibank included its *Prospectus Supplement Dated March 19, 2009, to the Prospectus Dated March 18, 2009*, that discusses the Citibank Credit Card Issuance Trust.  The relevant portion reads:

> The master trust owns the credit card receivables generated in designated credit card accounts, but *Citibank (South Dakota) or one of its affiliates will continue to own the accounts themselves*.  Citibank (South Dakota) or its affiliate thus will have the right to

> determine the fees, periodic finance charges including the interest rate index used to compute periodic finance charges and other charges that will apply to the credit card accounts. they may also change the minimum monthly payment or other terms of the account.

(Mot. ex. A. at 20.) (emphasis added). The supplement also reads: "Citibank (South Dakota) is the owner of all of the credit card accounts designated to the master trust." (*Id.* at 103.) As the real party in interest, Citibank holds the right to collect on Tostado's credit card account.

Tostado contends that Citibank's assignment of the receivables from his credit card account into a trust as part of an asset-securitization transaction prevents Citibank from collecting on Tostado's credit card account.[1] As previously noted, however, Citibank has demonstrated that it retains ownership of the accounts. In addition to conceding that he does not dispute the facts material to Citibank's motion, Tostado includes an excerpt from the Pooling and Service Agreement for Citibank Credit Card Master Trust I between Citibank (South Dakota), N.A., as seller and servicer; Citibank (Nevada), National Association, as seller; and Bankers Trust Company, as trustee. (*See* Resp. ¶ 5, Resp. ex. A.) Tostado's arguments and the evidence do not create a material issue of fact; they confirm Citibank's argument that Citibank has sold its interest in the receivables. The portion Tostado cites reads: "This Agreement and each applicable Assignment constitute a valid sale, transfer and assignment to the Trust of all right, title and interest of the Sellers in the *Receivables* now existing or hereafter created . . . . ." (Resp. ex. A.) Consequently, Plaintiff presents no issue of material fact that Citibank does not own or have the rights to sue for any debts in which the master trust owns the receivables, and he cannot obtain the declaratory judgment he seeks.

---

[1] Tostado also argues that Defendant's failure to file an answer to the complaint means that Citibank has admitted the factual allegations of the complaint. (Resp. ¶ 2.) No Answer was necessary at this stage of the proceeding pursuant to Rule 12. *See* FED. R. CIV. P. 12(a)(4)(A) (requiring responsive pleading within 14 days after notice of court's action on a motion presented pursuant to Rule 12). Therefore, Citibank has made no admissions to Plaintiff's factual allegations.

Tostado also brings a claim against Citibank for violations of the Fair Debt Collection Practices Act (FDCPA), 28 U.S.C. § 1692. Congress enacted the Federal Debt Collection Practices Act "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Tostado's FDCPA claim is premised on the argument that Citibank "did not own the debt or the right to sue for the debt." (Compl. ¶ 25.) However, as previously noted, Citibank has demonstrated that it retains ownership over the accounts to which the master trust owns the receivables. Tostado has alleged no facts to demonstrate that Citibank violated the FDCPA nor has he presented specific facts showing a genuine issue for trial.

## Conclusion

There being no genuine issue as to any material fact, Defendant is entitled to judgment as a matter of law. Defendant's motion to dismiss, which has been converted to a motion for summary judgment pursuant to Rule 12(d), is hereby GRANTED on all of Plaintiff's claims.

It is so ORDERED.

SIGNED this 4th day of January, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE